UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WAYNE SAPP, individually and as
next friend to his minor children,
E.S., J.S., and F.S., STEPHANIE SAPP;
LUDGER BOECKEN, individually
and as next friend to his minor children,
A.B., M.B., L.B., and H.B.; and
HEIKE BOECKEN,
       Plaintiffs,                        Case No.: 1:09-cv-242-SPM-GLJ

     v.

SCHOOL BOARD OF ALACHUA
COUNTY, FLORIDA,
       Defendant.
_____/

**DEFENDANT'S AMENDED MOTION FOR FINAL SUMMARY JUDGMENT**

      The Defendant, **SCHOOL BOARD OF ALACHUA COUNTY, FLORIDA** ("District" or "Defendant"), by and through its undersigned counsel, and pursuant to Rule 56(b), Federal Rules of Civil Procedure, files this Amended Motion for Final Summary Judgment on all claims pending in this action, and, as support, states:

      1.     Plaintiffs commenced this action by filing a single count complaint seeking declaratory and injunctive relief, as well as nominal damages, on November 23, 2009.  (Doc. 3) Plaintiffs' initial complaint alleged that the District's policies and practices, specifically the dress code policy in effect in 2009-10, was facially unconstitutional and that it was unconstitutionally applied to Plaintiffs resulting in an infringement of their constitutionally protected speech.

      2.     On September 1, 2010, Defendant filed its Motion for Final Summary Judgment (Doc. 79), and the accompanying memorandum of law (Doc. 82) and statement of undisputed facts (Doc. 81) in supported of the motion.

3. On September 8, 2010, this Court entered an Order granting Plaintiffs' Motion to Amend their Complaint (Doc. 89). Plaintiffs' Amended Complaint alleges that each of the District's dress code policies – that in effect in 2009-10 and the one in effect since June 1, 2010 – was/is facially unconstitutional and that it was/is unconstitutionally applied to Plaintiffs resulting in an infringement of their constitutionally protected speech.

4. On September 29, 2010, this Court entered an Order denying as moot Plaintiffs' Motion for Preliminary Injunction. (Doc. 95)  In particular, the Court held that the District's substantial alteration of its 2009-10 dress code and adoption of a uniform policy effective in academic year 2010-11 rendered Plaintiffs' claims for injunctive relief moot. (Doc. 95 at 8)  The Court's decision had no effect on Plaintiffs' claims for nominal damages based on the application of the 2009-10 dress code.

5. The following claims, therefore, remain pending before this Court: 1) as to the 2009-10 dress code: a claim that the dress code policy was unconstitutionally applied to Plaintiffs; 2) as to the 2010-11 dress code: claims that the policy is facially unconstitutional and that it is being unconstitutionally applied to Plaintiffs.

6. The pleadings, discovery and disclosure materials on file, and submitted contemporaneously herewith, show that there is no genuine issue as to any material fact and that the District is entitled to judgment as a matter of law.

7. Final summary judgment is warranted on Plaintiffs' claims alleging that the District's 2009-10 dress code was unconstitutionally applied to any of them.  Under well-established First Amendment jurisprudence from the United States Supreme Court and the Eleventh Circuit Court of Appeals, the District was authorized to restrict Plaintiffs' display of the anti-Islamic message "Islam is of the Devil" and its acronym "I.I.O.T.D." on school grounds or

at school-sponsored events. First, the District had an obligation to protect its students from hateful, hurtful and offensive messages, and the duty to ensure that its mission of remaining committed to the success and well-being of every student was carried out. Second, District officials legitimately feared that the message would result in substantial disruption or interference with school activities. Third, the District's reasoned prediction came to fruition, when at a District high school football game, the wearing of the message by Plaintiffs and others led to actual disruption. Additionally, in spite of their self-serving attempt to classify their message as a positive one, from an objective standpoint Plaintiffs' actions have demonstrated just the opposite. Finally, the District acted appropriately when its officials reasonably believed that the Plaintiffs' message impinged on the rights of other students.

8.   The Court must enter final summary judgment on Plaintiffs' claims alleging a facial challenge to the District's 2010-11 dress code policy for several reasons. First, the District's dress code policy is content neutral and/or viewpoint neutral, and narrowly tailored to achieve the Defendant's interest in maintaining a safe and studious environment. Second, even if the District's policy is not considered content or viewpoint neutral, the District's policy passes constitutional muster because it furthers important and legitimate governmental and pedagogical concerns. Third, Plaintiffs have had ample alternative means of communicating their message, and, in fact, have utilized those means. Finally, the District's current dress code policy is neither overbroad nor vague.

9.   Finally, the District is entitled to final summary judgment on Plaintiffs' claims alleging that the District's 2009-10 dress code is being unconstitutionally applied to any of them. First, Plaintiffs cannot show that their claims are ripe as not a single Plaintiff has been affected or disciplined by reason of the new policy. Second, assuming their claims are ripe, the District may

appropriately restrict Plaintiffs' message in the schools and at school-sponsored activities for the reasons applicable to the analysis of the 2009-10 dress code, especially in light of the recent events in the local community involving the Anti-Islamic events sponsored by the Dove World Outreach Center, of which all Plaintiffs are members, and four Plaintiffs are part of the leadership.

9. For these reasons, and the arguments set forth in the Defendant's Memorandum of Law filed contemporaneously herewith, Defendant, the School Board of Alachua County, Florida, respectfully requests that this Court grant final summary judgment in its favor, along with such other and further relief as this Court deems appropriate.

Dated this 4th day of October, 2010.

Respectfully submitted,

*/s/ Michael P. Spellman*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
E-mail address: rsniffen@sniffenlaw.com

**MICHAEL P. SPELLMAN**
Florida Bar Number: 0937975
E-mail address: mspellman@sniffenlaw.com

**JASON C. TAYLOR**
Florida Bar Number: 497525
E-mail address: jtaylor@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
211 East Call Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

CO-COUNSEL FOR SCHOOL BOARD OF ALACHUA COUNTY, FLORIDA

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 4th day of October, 2010, I electronically filed the foregoing, in the United States District Court, Northern District of Florida, Gainesville Division, by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via Notice of Electronic Filing generated by CM/ECF.

                                              */s/ Michael P. Spellman*
                                              MICHAEL P. SPELLMAN